L.Ed.2d 471 (1965) (separate opinion of Justice Black) (emphasis in original).

## V. CONCLUSION

The district court's order and injunction is AFFIRMED in part and REVERSED in part and the case is REMANDED for a modification of the injunction consistent with this opinion.[10]

AFFIRMED in part and REVERSED and REMANDED in part.

PER CURIAM:

The appellant, First National Bank of Atlanta, appeals from an order of the district court, affirming an order of the bankruptcy court granting summary judgment in favor of the appellee, Roger W. Moister, Chapter 7 Trustee for Larry James Howard. The sole issue in the case was decided by a panel of this court in *In re Busenlehner*, 918 F.2d 928 (11th Cir.1990) (per curiam). Since that decision is binding on this court, we hereby REVERSE the order of the district court and REMAND this case for further proceedings consistent with *Busenlehner*.

In re Larry James HOWARD, Debtor.

**FIRST NATIONAL BANK OF ATLANTA, Appellant,**

v.

**Roger W. MOISTER, Jr., Chapter 7 Trustee for Larry James Howard, Appellee.**

No. 89–8782.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1991.

William J. Layng, Jr., Crowe and Mann, Atlanta, Ga., for appellant.

Roger W. Moister, Jr., Atlanta, Ga., for appellee.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry LANIER, Samuel Stevens, Carl Jamerson, Defendants–Appellants.**

No. 89–8836.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1991.

**10.** To reiterate, the following modifications are required: (1) the injunction may not prohibit Gilbert from sleeping in the unenclosed plaza, *if he does so as part of a protest;* (2) the injunction may not prohibit Gilbert from wearing expressive paraphernalia and speaking about anything he wishes inside the building and on the portico *when he is lawfully in those areas.*